UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES RAMIREZ,

        Plaintiff,

                                  Case Number 10-10739-BC
v.                                  Honorable Thomas L. Ludington

CITY OF SAGINAW,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

On February 23, 2010, Plaintiff filed a complaint alleging disability discrimination claims under federal and state law arising out of the termination of his employment as a police officer for the City of Saginaw. On July 22, 2010, Plaintiff was ordered to show cause why the complaint should not be dismissed for failure to prosecute because no activity had occurred in the case. On July 23, 2010, Plaintiff responded by indicating that he served the summons and complaint on Defendant City of Saginaw that day, and attached the affidavit of a process server stating that "City Clerks Office Jennifer Goldwain Acepted [sic] on behalf of Mayor Greg Branch." [Dkt. # 6-1] (capitalization altered).

Now before the Court is Defendant's motion to dismiss [Dkt. # 9], filed on August 13, 2010. Plaintiff filed a response [Dkt. # 12] on August 18, 2010; and Defendant filed a reply [Dkt. # 13] on August 19, 2010. The Court has reviewed the parties' submissions and finds that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons stated below,

Defendant's motion will be granted and the complaint will be dismissed without prejudice.

Federal Rule of Civil Procedure 4(m) allows a plaintiff to serve a defendant with the summons and complaint within 120 days after filing a complaint. If the plaintiff does not timely serve a defendant, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Nonetheless, the court must extend the time for service "if the plaintiff shows good cause for the failure" to effect timely service. *Id.*

Rule 4(j)(2) provides that a municipal corporation may be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Under Michigan law, a plaintiff may serve process on a municipal corporation "by serving a summons and a copy of the complaint on . . . the mayor, the city clerk, or the city attorney of a city." Mich. Ct. R. 2.105(G)(2). In addition, service may be made "on an officer having substantially the same duties" as the mayor, city clerk, or city attorney, "irrespective of title." Mich. Ct. R. 2.105(G). Finally, service may be made "by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." *Id.*

Here, Defendant pursues two main arguments in support of its motion to dismiss. First, Defendant argues that Plaintiff has not shown "good cause," for not timely serving Defendant with the summons and complaint, and therefore, an extension of the time for service of process is not warranted. Defendant highlights that Plaintiff simply asserts that the complaint was not timely

served on Defendant due to a "clerical error." Second, Defendant argues that Plaintiff has still not properly served Defendant because Plaintiff served Jennifer Goldwain, who is not the mayor, city clerk, or city attorney. While Plaintiff may contend that Ms. Goldwain is "a person in charge of the office of" the mayor, city clerk, or city attorney, Plaintiff did not send "a copy of the complaint by registered mail addressed to the officer at his or her office." Defendant contends that under Michigan Court Rule 2.105(G), Plaintiff must do both.

Plaintiff has not shown good cause for not timely serving Defendant. In attempting to establish good cause, Plaintiff simply asserts that "it appears that service of the summons and complaint was delayed due to a clerical error." Plaintiff cites no legal authority for the proposition that a "clerical error" provides good cause for not properly serving a complaint within 120 days of its filing. To the contrary, such "neglect" does not amount to "good cause." *See, e.g.*, *Tines v. PepsiAmericas, Inc.*, 265 F.R.D. 285, 286 (W.D. Tenn. 2010) (citing *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005)).

Moreover, Plaintiff has not demonstrated that he has properly served Defendant. While Plaintiff insists that it is "undisputed that the City Clerk's office was served with the summons and complaint," it is only undisputed that "[t]he Return of Service shows that the Summons and Complaint was left with Jennifer Goldwain of the City Clerk's Office, and that Ms. Goldwain 'accepted' on behalf of Mayor Branch and City Attorney Fancher." Defendant disputes that Ms. Goldwain is a person in charge of the Mayor's office or the City Attorney's office pursuant to Rule 2.105(G). In fact, a document attached to Plaintiff's response identifies Diane Herman, not Ms. Goldwain as the City Clerk. Even if Ms. Goldwain were a person in charge of one of the three pertinent offices, Plaintiff does not represent that a copy of the complaint was sent by registered mail

to the Mayor, City Attorney, or City Clerk. While Defendant also disputes that service on the City Clerk would be sufficient in this case, that issue need not be reached as Plaintiff has not sent the complaint by registered mail to any one of the Mayor, City Attorney, or City Clerk. Based on the fact that Plaintiff has neither demonstrated good cause for not serving the complaint within 120 days, nor that he properly served the complaint on Defendant, Defendant's motion to dismiss will be granted.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [Dkt. # 9] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 24, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---